FREDERICK H. BRETHAUER *vs.* PAULINE SCHORER ET AL.

Third Judicial District, New Haven, June Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An objection that the administrator, and not the sole heir at law of the payee of a note, is alone entitled to sue thereon, which is first raised on appeal to this court, comes too late; especially in the face of a finding that the note had been turned over by the administrator to the heir, and that the title to it was in him.

There is no such thing as a legal equality of credibility between witnesses. The testimony of each is to be weighed for what it seems to the trier to be worth, in view of its character, the demeanor of the witness, and the probability or improbability that what he says is true.

Payments of interest were made on a note by one of two joint makers, who were also husband and wife. *Held* that their relation was such as, without other proof of authority, to warrant a finding of payments by both, and a judgment against both, accordingly.

Argued June 4th—decided August 3d, 1908.

ACTION on a note by the heir at law of the payee, brought to and tried by the Superior Court in New Haven County, *Shumway, J.;* judgment for plaintiff. *No error.*

*Benjamin Slade*, for the appellants (defendants).

*David E. Fitzgerald* and *Walter J. Walsh*, for the appellee (plaintiff) were stopped by the court.

BALDWIN, C. J. The note in suit was given by a man and his wife in 1876, payable on demand, with interest semi-annually, and secured by a second mortgage of real estate. The payee died in 1878. In 1903 the administratrix of his estate turned it over, without indorsing it, to the sole heir at law, who has since had it in his possession. This suit was brought soon afterward by him and the administratrix. In May, 1907, she died, and in November her name was dropped as a party, by stipulation. The answer had set up as the sole defense the statute of limitations.

Brethauer *v.* Schorer.

No claim was made before or at the trial that the title to the note was not in the remaining plaintiff, and the court found that it was. Such a claim is made on this appeal, but it obviously comes too late.

The other grounds of error which are assigned rest on exceptions to the special finding of facts, in regard to the payments of interest within six years.

The plaintiff testified that he had received from Mrs. Schorer the interest accruing on the note down to and including that due in the spring of 1898, and the court so found. It is contended that this is a finding against the evidence. There was certainly much testimony to the contrary, but we see nothing in the record (which brings up that of all the witnesses) to indicate that the court was not warranted in coming to the result which it did.

Mrs. Schorer testified that she made no interest payments after 1893, and the defendants claimed on the trial that the credibility of her testimony " was entitled to the same weight " as that of the plaintiff. This claim was properly overruled. Apparently its meaning was that her testimony, as matter of law, stood on an equal footing, as to credibility, with his. There is no such thing as a legal equality of credibility between witnesses. The testimony of each is to be weighed for what it seems to the trier to be worth, in view of its character, the demeanor of the witness, and the probability or improbability that what he says is true.

It was undisputed that whatever interest was paid was received from Mrs. Schorer. Mr. Schorer contends that her acts cannot bind him. Their relation was such as, without other proof of authority, to warrant the finding of payments within six years by both, and the judgment against both, accordingly.

There is no error.

In this opinion HALL, PRENTICE and THAYER, Js., concurred. HAMERSLEY, J., concurred in the result.